UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

UNITED STATES OF AMERICA,

        Plaintiff

vs.                                         Case No. 2:11-cr-00033-WTL-CMM

BRANDON CRISS,

        Defendant

## **REPORT AND RECOMMENDATION**

A hearing was convened in this matter on July 21, 2017, on a Petition for Warrant or Summons for Offender Under Supervision filed July 11, 2017 [Doc. 30]. A warrant was issued for the defendant's arrest [Doc. 31] and the Court set this matter for an initial appearance. This matter was referred to the Magistrate Judge for hearing pursuant to 18 U.S.C. 3401(i) on July 19, 2017. The July 21, 2017 proceeding was both an initial appearance and, by agreement of the parties, a hearing on the defendant's alleged violations of the terms and conditions of his sentence while on supervised release.

The Government appeared by Lauren Wheatley, Assistant United States Attorney; the defendant, Brandon Criss, appeared in person (in custody) and with CJA counsel, Andrew Borland.

The Government and defense counsel advised the Court that the parties had reached an agreement on admission of violations and a disposition of the case.

The Court advised the defendant of his constitutional rights and the burden of proof with respect to the alleged violations. The defendant answered preliminary questions to ascertain his ability to understand the proceedings. The defendant was provided a copy of the Petition and the Revocation Parameters worksheet. The defendant waived his right to a preliminary hearing. The defendant, Brandon Criss, was sworn and his testimony heard. He admitted the two violations cited in the Petition submitted by Senior U.S. Probation Officer Katrina Sanders.

The defendant advised that he had sufficient time to meet with counsel, to review the nature of the violations cited in the Petition, and to consider whether to admit the violations. The Court reviewed with the Defendant each violation cited in the Petition. The Court finds that the defendant, after being placed under oath, and having had sufficient time to consult with counsel, made a knowing, intelligent and voluntary admission of all violations cited in the Petition.

The undersigned recommends to the Court adoption of the following Findings of Fact and Conclusions of Law:

### Findings of Fact

1. The defendant, Brandon Criss, was sentenced on May 11, 2012, in the U. S. District Court for the Southern District of Indiana, Terre Haute Division, on the charge of Felon in Possession of a Firearm and Possession of an Unregistered Firearm. The original sentence included 70 months of confinement and 36 months of supervised release.

2. While on supervised release, the defendant violated the terms of supervised release as follows:

    a. "You shall reside at a residential reentry center for a term of up to 180 days. You shall abide by the rules and regulations of the facility."

    b. "The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance

     or any paraphernalia related to any controlled substance, except as prescribed by a physician."

3. The defendant was under supervision of the U.S. Probation Office in the Southern District of Indiana on July 11, 2017, the date on which the Petition was filed.

4. The defendant admitted the allegations contained in the Petition in open court, under oath, and after the advice of counsel. The specific offenses included:

  a. On July 11, 2017, the offender was discharged from the Volunteers of America (residential reentry center) because he refused to follow the rules and regulations of the facility; and

  b. On June 26, 2017, the offender reported for a drug screen which returned positive for amphetamine. At the time the specimen was submitted, the offender admitted to using methamphetamine. The offender has also admitted to using methamphetamine on multiple occasions since being on supervised release.

5. Criss' actions violated the following terms of supervised release from the original sentence.

6. The Magistrate Judge makes the following observations for the benefit of the District Judge:

  The parties agreed to a recommended sentence of one year and one day without any additional supervised release.

  Criss acknowledges his persistent problems with drug addiction. While he articulates a plan for his life that includes relocation to Florida and the pursuit of employment there, he also acknowledges that the plan will require a major change in lifestyle. His inability to follow the rules or to engage in conduct satisfactory to VOA underscores that he is a poor candidate to return to supervised release at the conclusion of the new sentence—which is, of course, unfortunate given that support from a probation officer could be helpful to Criss in a transition period.

  Criss recognizes his problem and the failure of his efforts to rehabilitate. Unless there is a major change in attitude and focus, however, the prognosis is poor.

  For those reasons, a term of incarceration without additional supervised release is appropriate.

7.     The defendant was advised that this matter had been referred by the District Judge and that this report would be transmitted to the Court. He was further advised that the Court was not a party to the agreement between the Government and the defendant regarding disposition of this matter. The Court, however, advised the parties that the agreement was satisfactory to the Magistrate Judge and that a recommendation would follow to the District Judge consistent with the parties' agreement. The defendant testified that he understood the proposed agreement on disposition, consented to its content, and had not been coerced or threatened to enter into such an agreement.

## Conclusions of Law

1.     The Court finds by a preponderance of the evidence that the defendant violated the terms of supervised release on and after his release from the Bureau of Prisons and while under supervision of the U. S. Probation Office.

2.     The violation noted in the Findings of Fact under 2(a) is a Grade C violation and violation noted in the Findings of Fact under 2(b) is a Grade B violation under §7B1.1(b), *United States Sentencing Guidelines* (Chapter 7, Violations of Probation and Supervised Release).

3.     The defendant's criminal history under §7B1.4(a) is Category III.

4.     The sentencing options for this defendant include a range of imprisonment of eight to 14 months based upon these findings and conclusions. *See,* §7B1.4(a).

5.     Based upon these findings and conclusions, the Magistrate Judge recommends that the defendant be sentenced to a term of one year and one day in the custody of the U.S. Bureau of Prisons consistent with the agreement of the parties. The Magistrate Judge further recommends that the defendant not be placed on supervised release.

6.      In reaching these conclusions, the Magistrate Judge has considered the factors set forth in 18 U.S.C. 3553(a)(1) [nature and circumstances of the offense and the history and characteristics of the defendant, here, the multiple violations of the terms of supervised release in a short time frame], (a)(2)(B) [affording adequate deterrence to criminal conduct, here, consideration of the defendant's multiple violations and disregard of reasonable rules of supervised release], (a)(2)(c) [to protect the public from further crimes of the defendant], (a)(2)(D) [to provide the Defendant with needed medical care or other correctional treatment], (a)(4), (a)(5) [not applicable here], (a)(6) [the need to avoid unwarranted sentence disparities among defendants with similar records], and (a)(7) [not applicable here].

## Recommendation

The undersigned recommends to the Court adoption of these Findings of Fact and Conclusions of Law and the revocation of the defendant's supervised release and the imposition of term of incarceration of one year and one day without supervised release at the conclusion of the sentence.

The defendant is ORDERED detained pending the District Court's consideration of this recommendation.

Dated:      July 27, 2017

_____
CRAIG M. MCKEE, Magistrate Judge
United States District Court
Southern District of Indiana

**Distribution to:**
Lauren Wheatley, U.S. Attorney's Office
Andrew Borland
Katrina Sanders and Jennifer Considine, U.S. Probation Office
Greg Snyder, U. S. Marshal's Office